UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE WOODS, | ) |
| Plaintiff, | ) |
| v. | ) 14-CV-1336 |
| BRIAN SCHMELTZ, et. al, | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

Sue E. Myerscough, U.S. District Judge.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

The Plaintiff, a pro se prisoner, claims nine Defendants at Pontiac Correctional Center violated his constitutional rights including Brian Schmeltz, Kent Robinson, Brian Maier, Randy Lovrant, Jacob Liles, Glendal French, Adam Deal, James Berry and John Doe.

The Plaintiff says he was placed in a cell on crisis watch on August 22, 2013 and spread feces on his cell window. Defendants Schmeltz, Deal, French and Robinson knew the feces was on the window, but refused to clean the Plaintiff's cell for four days. In addition, Defendants Schmeltz and French denied him a lunch tray on August 22, 2013.

The Plaintiff was moved to a second cell on August 26, 2103 where he remained until October 7, 2013. The Plaintiff says he told Officer John Doe the cell smelled like feces, and the officer agreed to tell his supervisor. The Plaintiff later discovered feces under his sink and in the cracks of the window.

**ANALYSIS**

While the Plaintiff alleges there were feces on his cell window for four days, he admits he was the one who placed the feces there. In addition, the Plaintiff does not claim he was denied running

water or supplies to clean the window himself. The Plaintiff also alleges there were feces in the second cell he was placed in from August 26, 2013 to October 7, 2013. However, the Plaintiff did not discover the feces until after he saw Defendant John Doe and he does not allege he reported the feces to any of the named Defendants, nor that the Defendants had any reason to know there was feces in Plaintiff's cell.

The court notes the Plaintiff has attached grievances to his complaint which may provide more information, but the Plaintiff is an experienced litigator and must clearly state his claims in the body of his complaint. *See Woods v Beal*, Case No. 11-1254; *Woods v Maier*, Case No. 12-1324; *Woods v Arroyo*, Case No. 12-1361; *Woods v Hitchens*, Case No. 14-1350; *Woods v Mans*, Case No. 14-1028; *Woods v Pfister*, 14-1184; *Woods v Hitchens*, Case No. 14-1209; *Woods v Schmeltz*, Case No. 13-1477 in the Central District of Illinois.

The Plaintiff has also failed to state a constitutional violation based on the denial of one lunch tray. *See Johnson v Arbeiter*, 2010 WL 4717642 at 2(S.D.Ill Nov.15, 2010)(inmate deprived of one meal does not state constitutional violation); *Brown v Madison Police*

*Dept.*, 2003 WL 23095753 at 4(W.D.Wis. May 15, 2003)(missing two meals on one occasion does not rise to constitutional violation); *Ellison v Minnear*, 2009 WL 5217340 at 4 (S.D.Ill. Dec. 29, 2009)(inmate who claims he missed five separate meals but does not allege any harm to his health fails to state a claim); *Talib v Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998)(denying an inmate one out of every nine meals is not a constitutional violation).

"[D]istrict courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Donald v Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). Therefore, the court will allow the Plaintiff an opportunity to file an amended complaint clarifying his claims concerning the conditions of his confinement. The Plaintiff must not only describe the cell, but also indicate how the Defendants knew about the conditions of his cell and why he was unable to clean his cell. The Plaintiff must include this information in the body of his complaint and not rely on attachments.

**IT IS THEREFORE ORDERED:**

1) The Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure.

2) The Plaintiff must file an amended complaint in compliance with this court order on or before October 24, 2014. If the Plaintiff fails to file his complaint by this deadline or fails to follow the court's direction, his case will be dismissed. The clerk of the court is to provide the Plaintiff with a blank complaint form to assist him.

3) The clerk of the court is to set an internal merit review deadline for November 7, 2014.

ENTERED: October 2, 2014

FOR THE COURT:

s/ Sue E. Myerscough

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE