UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MAURICE WOODS, | ) | |
| Plaintiff, | ) | |
| v. | ) | 14-CV-1336 |
| BRIAN SCHMELTZ, et. al, | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

The case is before the Court for a merit review of the Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

The court dismissed the Plaintiff's original complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* October 2, 2014 Merit Review Opinion.  The Plaintiff had attached grievances to his complaint instead of providing the relevant information in the body of his complaint.  Therefore, the Plaintiff was given additional time to file an amended complaint clarifying his claims and the Plaintiff has now complied. *See* October 2, 2014 Merit Review Opinion.

The court must still review the amended complaint pursuant to §1915A, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

## ALLEGATIONS

The Plaintiff says nine Defendants at Pontiac Correctional Center violated his constitutional rights including Brian Schmeltz, Kent Robinson, Brian Maier, Randy Lovrant, Jacob Liles, Glendal French, Adam Deal, James Berry and John Doe.

The Plaintiff says he was placed in a cell on crisis watch on August 22, 2013 and he spread feces on his cell window. Defendants Schmeltz, Deal, French and Robinson knew the feces was on the window, but refused to allow Plaintiff any cleaning supplies or to move him to another cell for four days.

Defendant John Doe eventually moved the Plaintiff to a second cell on August 26, 2103 where he remained until October 7, 2013. The Plaintiff says he told Officer John Doe the cell smelled like feces

and the officer agreed to tell his supervisor. The Plaintiff later discovered feces under his sink and in the cracks of the window. He complained to Defendants Schmeltz, Berry and Lovrant, but they refused to have the cell cleaned or move the Plaintiff to a different cell.

**ANALYSIS**

The Plaintiff has articulated two violations of his Eighth Amendment rights based on his living conditions in two separate cells. Although the Constitution does not mandate comfortable prisons, prisoners have the right to "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Life's necessities include shelter, heat, clothing, sanitation, and hygiene items. *See Gillis v. Litscher,* 468 F.3d 488, 493 (7th Cir.2006). "But prison conditions do not violate the Eighth Amendment unless there is a sufficiently serious deprivation and the defendants were deliberately indifferent, i.e., they were aware of the conditions but failed to take reasonable measures to abate them." *Morris v. Ley*, 331 Fed.Appx. 417, 420-21 (7th Cir. 2009) *citing Wilson v. Seiter,* 501 U.S. 294, 299 (1991).

It is possible the prevalence of human waste in the Plaintiff's cells reached such a point of inhabitablity as to deprive him of the "minimal civilized measure of life's necessities." *Rhodes,* 452 U.S. at 347; *see Vinning–El,* 482 F.3d at 924–25 (reversing summary judgment where prisoner was held for six days without sanitation items in cell contaminated with human waste and in which sink and toilet did not work); *Johnson v. Pelker,* 891 F.2d 136, 139–40 (7th Cir.1989) (reversing summary judgment where prisoner was denied cleaning supplies and confined for three days to cell that was smeared with human waste and lacked running water);*DeSpain v. Uphoff,* 264 F.3d 965, 974 (10th Cir.2001) ("Exposure to human waste, like few other conditions of confinement, evokes both the health concerns emphasized in *Farmer [v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994),] and the more general standards of dignity embodied in the Eighth Amendment."). Therefore, for the purposes of notice pleading, the Plaintiff may proceed with both of his claims.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following

claims: a) Defendants Schmeltz, Deal, French and Robinson violated the Plaintiff's eighth amendment rights when they forced the Plaintiff to stay in a cell with feces for four days beginning August 22, 2013; and, b) Defendants John Doe, Schmeltz, Berry and Lovrant violated the Plaintiff's Eighth Amendment rights when they placed him in a cell with feces from August 26, 2103 to October 7, 2013 and refused to take any action. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from

the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by

Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

12) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: December 11, 2014

FOR THE COURT:

                      s/ Sue E. Myerscough
                      _____
                         SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE